UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

E.H., a minor, by and through her parent and
legal guardian, N.V.,

      Plaintiff,

v.

RICE ENTERPRISES, LLC
d/b/a MCDONALD'S, MCDONALD'S USA,
LLC, and MCDONALD'S CORPORATION,

      Defendants.

Case No. 2:22-cv-1591

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES Plaintiff E.H, a minor, by and through her parent and guardian, N.V., by and through her attorney, Christi Wallace, Esq. of MKO Employment Law, and files this Complaint alleging as follows:

### I. Nature of the Action

1.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.  Plaintiff was discriminated against and subjected to sexual harassment/hostile work environment due to her sex/gender.

2.     Plaintiff also brings this action under the common laws of Pennsylvania for negligence and negligent supervision, hiring, and retention.

### II. Jurisdiction and Venue

3.     This action arises under the statute cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

4.     Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5.      Plaintiff E.H., by and through her legal parent and legal guardian, N.V., filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") under case Nos. 533-2021-02167, 533-2021-02168, 533-2021-02169. Plaintiff E.H. received her Notice of Right to Sue from the EEOC on November 1, 2022, thus making this Complaint timely filed.

### III. Parties

6.      Plaintiff E.H. ("Plaintiff") is a minor residing in Allegheny County and is represented by and through her parent and legal guardian, N.V. Plaintiff is a minor child under the age of eighteen (18).

7.      N.V. is an adult residing in Allegheny County and is the parent and legal guardian of Plaintiff.

8.      Defendant, Rice Enterprises, LLC d/b/a McDonald's ("Rice Enterprises"), has a business location of 82 Fort Couch Rd., Pittsburgh, PA 15241 where Plaintiff E.H. worked. Their registered address with the State of Pennsylvania is 5415 Clairton Blvd, Pittsburgh, PA 15236.

9.      Defendant, McDonald's USA, LLC, has a corporate address of 110 N. Carpenter St., Chicago, IL 60607. Their registered address is 251 Little Falls Drive, Wilmington, New Castle, DE, 19808.

10.     Defendant, McDonald's Corporation, has a corporate address of 110 N. Carpenter St., Chicago, IL 60607. Their registered address is 251 Little Falls Drive, Wilmington, New Castle, DE, 19808.

11.     McDonald's USA, LLC and McDonald's Corporation (collectively referred to as "McDonald's Corporate") contract with numerous franchisees that jointly operate McDonald's restaurants throughout Pennsylvania, including Rice Enterprises.

12.     Together, Defendants are joint employers during the relevant time period and jointly employed all employees, including Plaintiff.

    a.  To Plaintiff's knowledge and belief, McDonald's Corporate own and franchise a restaurant system that promotes uniformity of operations.

    b.  To Plaintiff's knowledge and belief, McDonald's Corporate entered into a franchise agreement with Rice Enterprises.

        i.  To Plaintiff's knowledge and belief, the agreement required Rice Enterprises to follow all standards of business, policies, and procedures set forth by McDonald's Corporate.

        ii.  To Plaintiff's knowledge and belief, the agreement gives McDonald's Corporate significant control over Rice Enterprises.

        iii.  To Plaintiff's knowledge and belief, McDonald's Corporate maintains national franchise standards to which their franchisees must adhere to.

    c.  To Plaintiff's knowledge and belief, McDonald's Corporate exercise control over the day-to-day operations of its franchised restaurants, which includes restaurants operated by Rice Enterprises, regarding:

        i.  Hiring and firing of employees;

        ii.  Imposing working conditions of employees;

        iii.  Imposing work rules and assignments;

        iv.  Imposing terms and conditions of employment;

     v.  Human Resource policies;

    vi.  Training;

   vii.  Discipline;

  viii.  Inspection of facilities;

    ix.  Sexual harassment training and reporting, etc.

d.  To Plaintiff's knowledge and belief, McDonald's Corporate supervises the day-to-day operations at Rice Enterprises by way of a District Manager.

e.  To Plaintiff's knowledge and belief, McDonald's Corporate exercises control over the hiring of employees at franchise locations by requiring all applicants to apply on McDonald's Corporate website.

     i.  To Plaintiff's knowledge and belief, McDonald's Corporate is aware of the fact that minor employees work at its various locations.

    ii.  To Plaintiff's knowledge and belief, McDonald's Corporate failed to require any background and/or screening of applicants prior to being hired.

f.  To Plaintiff's knowledge and belief, in January 2022, McDonald's Corporate mandated sexual harassment training at all franchisee locations.

     i.  This action shows McDonald's Corporate had the right to control and did in fact exercise control over Rice Enterprises.

    ii.  To Plaintiff's knowledge and belief, Rice Enterprises had to comply with McDonald's Corporate's standards including but not limited to, policies, training, uniforms, etc.

13.    In the alternative, McDonald's Corporate are liable for the acts of Rice Enterprises because it [Rice Enterprises] was an agent of McDonald's Corporate.

    a. The relationship between Rice Enterprise and McDonald's Corporate was that of principal and agent.

    b. To Plaintiff's knowledge and belief, McDonald's Corporate own and franchise a restaurant system that promotes uniformity of operations.

    c. To Plaintiff's knowledge and belief, McDonald's Corporate entered into a franchise agreement with Rice Enterprises.

        i. To Plaintiff's knowledge and belief, the agreement required Rice Enterprises to follow all standards of business, policies, and procedures set forth by McDonald's Corporate.

        ii. To Plaintiff's knowledge and belief, the agreement gives McDonald's Corporate significant control over Rice Enterprises.

        iii. To Plaintiff's knowledge and belief, McDonald's Corporate maintains national franchise standards to which their franchisees must adhere to.

    d. To Plaintiff's knowledge and belief, McDonald's Corporate exercise control over the day-to-day operations of its franchised restaurants, which includes restaurants operated by Rice Enterprises, regarding:

        i. Hiring and firing of employees;

        ii. Imposing working conditions of employees;

        iii. Imposing work rules and assignments;

        iv. Imposing terms and conditions of employment;

        v. Human Resource policies;

vi.   Training;

vii.   Discipline;

viii.   Inspection of facilities;

ix.   Sexual harassment training and reporting, etc.

e.   To Plaintiff's knowledge and belief, McDonald's Corporate supervises the day-to-day operations at Rice Enterprises by way of a District Manager.

f.   To Plaintiff's knowledge and belief, McDonald's Corporate exercises control over the hiring of employees at franchise locations by requiring all applicants to apply on McDonald's Corporate website.

   i.   To Plaintiff's knowledge and belief, McDonald's Corporate is aware of the fact that minor employees work at its various locations.

   ii.   To Plaintiff's knowledge and belief, McDonald's Corporate failed to require any background and/or screening of applicants prior to being hired.

g.   To Plaintiff's knowledge and belief, in January 2022, McDonald's Corporate mandated sexual harassment training at all franchisee locations.

   i.   This action shows McDonald's Corporate had the right to control and did in fact exercise control over Rice Enterprises.

   ii.   To Plaintiff's knowledge and belief, Rice Enterprises had to comply with McDonald's Corporate's standards including but not limited to, policies, training, uniforms, etc.

h.   Rice Enterprises had apparent and actual authority to act on behalf of and for McDonald's Corporate subject to their control.

6

           i.   Plaintiff believed Rice Enterprises had authority to act on behalf of McDonald's Corporate and was in fact acting on behalf of McDonald's Corporate.

14.      In the alternative, McDonald's Corporate are vicariously liable for the acts of Rice Enterprises because it was a servant of McDonald's Corporate.

    a.   The relationship between Rice Enterprises and McDonald's Corporate was that of master and servant.

    b.   To Plaintiff's knowledge and belief, McDonald's Corporate own and franchise a restaurant system that promotes uniformity of operations.

    c.   To Plaintiff's knowledge and belief, McDonald's Corporate entered into a franchise agreement with Rice Enterprises.

         i.   To Plaintiff's knowledge and belief, the agreement required Rice Enterprises to follow all standards of business, policies, and procedures set forth by McDonald's Corporate.

        ii.   To Plaintiff's knowledge and belief, the agreement gives McDonald's Corporate significant control over Rice Enterprises.

       iii.   To Plaintiff's knowledge and belief, McDonald's Corporate maintains national franchise standards to which their franchisees must adhere to.

    d.   To Plaintiff's knowledge and belief, McDonald's Corporate exercise control over the day-to-day operations of its franchised restaurants, which includes restaurants operated by Rice Enterprises, regarding:

         i.   Hiring and firing of employees;

        ii.   Imposing working conditions of employees;

    iii.   Imposing work rules and assignments;

    iv.   Imposing terms and conditions of employment;

    v.   Human Resource policies;

    vi.   Training;

    vii.   Discipline;

    viii.   Inspection of facilities;

    ix.   Sexual harassment training and reporting, etc.

e.   To Plaintiff's knowledge and belief, McDonald's Corporate supervises the day-to-day operations at Rice Enterprises by way of a District Manager.

f.   To Plaintiff's knowledge and belief, McDonald's Corporate exercises control over the hiring of employees at franchise locations by requiring all applicants to apply on McDonald's Corporate website.

    i.   To Plaintiff's knowledge and belief, McDonald's Corporate is aware of the fact that minor employees work at its various locations.

    ii.   To Plaintiff's knowledge and belief, McDonald's Corporate failed to require any background and/or screening of applicants prior to being hired.

g.   To Plaintiff's knowledge and belief, in January 2022, McDonald's Corporate mandated sexual harassment training at all franchisee locations.

    i.   This action shows McDonald's Corporate had the right to control and did in fact exercise control over Rice Enterprises.

      ii. To Plaintiff's knowledge and belief, Rice Enterprises had to comply with McDonald's Corporate's standards including but not limited to, policies, training, uniforms, etc.

  h. To Plaintiff's knowledge and belief, McDonald's Corporate controlled the means by which Rice Enterprises operated.

### IV. Facts

15. Plaintiff began her employment with Defendants in November 2020.

16. On Plaintiff's first day of work, she was given a tour by another minor, "K."

  a. K pointed to an adult male manager, Walter Garner ("Garner"), and said, "stay away from him. He grabbed my ass once."

  b. Plaintiff later learned that Garner is a registered lifetime sex offender.

17. Plaintiff found Garner difficult to work with from the start of her employment.

  a. Garner was rude, domineering, and hostile towards Plaintiff and other employees.

18. Plaintiff was regularly scheduled to work with Garner, and he would not allow her to leave at her scheduled time.

  a. Garner would say to Plaintiff, "you'll leave when I tell you to."

19. Plaintiff complained to Manager Zack (LNU) about the way Garner was treating her.

  a. While Zack acknowledged how difficult Garner was to work with, he took no action to address the behavior.

20. Garner's conduct towards Plaintiff escalated to sexual harassment, up to and including, disseminating child pornography to her.

21.    On April 21, 2021, Plaintiff made a few mistakes while working the drive-thru window.

    a.  Garner approached Plaintiff while she was alone and said, "you must love me so much. You must want me back here and that's why you keep messing up."

        i.  Plaintiff denied these assertions.

        ii.  Plaintiff stated, "it's not like that at all. I just messed up a few orders."

    b.  Later in the shift, Plaintiff told Garner she did not feel well and felt she was getting a migraine headache.

        i.  Garner said, "aww baby, do you want me to kiss it and make it better?"

        ii.  Garner then brought Plaintiff an aspirin.

        iii.  Plaintiff asked Garner for a bottle of water to take the medication.

        iv.  Garner returned with a large lemonade.

        v.  Plaintiff said, "that's a large. I'm not going to finish that."

        vi.  Garner said, "know what else is large?" referring to his alleged penis size.

        vii.  Garner continued saying, "the next thing you're going to be saying is that I gave it to you too hard."

        viii.  Plaintiff replied in shock, "oh my god."

        ix.  Garner, then said to Plaintiff, "I get a lot of 'oh my Gods' and 'Jesus Christs' all the time," regarding his alleged sexual prowess.

        x.  These were overtly sexual and inappropriate comments made by a registered sex offender to a child subordinate.

    c.  Later, Plaintiff asked another coworker, "D" for receipt paper.

10

      i.  D brought the paper, and when he left Garner said to Plaintiff, "oh so you're having him tend to you now? How did you get him to come so fast?"

      ii.  Plaintiff attempted to ignore Garner.

      iii.  Garner asked Plaintiff again, "how did you get him to COME so fast" emphasizing the word "come," which is slang for orgasm.

d.  Later, Plaintiff told a minor coworker that she was cold.

      i.  When the coworker walked away from Plaintiff, Garner said to her, "you're so hot."

e.  Toward the end of a shift, Garner was speaking with Plaintiff about another minor coworker, and friend of Plaintiff named "L."

      i.  Garner said to Plaintiff, "I thought you were like L. If you're down, so am I."

          1.  The reference of "being down" is a discrete and unambiguous offer to engage in sexual activity."

      ii.  Plaintiff had witnessed "flirtation" between Garner and L in the past at work.

          1.  Gardner, a registered sex offender, was grooming L, another minor female child, for a sexual relationship and attempting to groom Plaintiff as well.

          2.  "Grooming" behaviors can be described as when a sexual predator: (1) forms relationships with a minor; (2) tests boundaries in the form of sexual jokes to see how the minor will

11

respond; (3) touches, wherein the perpetrator starts with light contact and hugging then graduates to more sexualized contact to test boundaries; (4) intimidating and dominating the minor; (5) sharing sexually explicit material and (6) communicating secretly.

iii.   Garner told Plaintiff that he speaks with L outside of work, has her phone number, and is friends with her on Snapchat.

iv.   Garner then took out his phone and showed Plaintiff a photo of L where she was nude from the waist down with her face in the photo.

v.   Plaintiff was shocked, disgusted, and traumatized by what Garner was showing her.

vi.   Plaintiff had just been shown child pornography, which included her friend and coworker L.

vii.   At that moment, Plaintiff remember that a month prior, Manager Brenda Pieczynski ("Ms. Pieczynski"), told Plaintiff she shouldn't wear leggings to work because "there are creeps here."

1.   Plaintiff now understood Ms. Pieczynski was referring to Garner, who was working the day she received this warning.

22.   On April 22, 2021, Plaintiff was so traumatized by the sexual harassment leading up to and including being shown child pornography at work, she reported what occurred to her school therapist.

23.   On April 22, 2021, Plaintiff told her mother that she wanted to quit.

a.  Plaintiff initially felt too violated and embarrassed to tell her mother the true reason why she wanted to quit.

b.  Plaintiff eventually told her mother everything Garner had done and said to her the previous evening.

c.  N.V., shocked and disgusted by what Plaintiff had just told her, did her own research and within five minutes was able to find Garner's criminal record that led her to his profile on the Megan's Law website.

d.  After finding this information, N.V. reached out to Rice Enterprises and spoke with Manager Maryann and told her what had happened the previous evening with Garner and Plaintiff.

e.  Maryann had her boss Sherry call N.V. back.

f.  Sherry apologized and stated that Garner had been fired.

g.  N.V. told Sherry that neither Plaintiff, nor her twin sister, who also worked at that location, would return to work.

24.  Plaintiff was physically, monetarily, and emotionally harmed by Defendants' actions.

### V. Causes of Action

### COUNT I
**Sex/Gender Discrimination**
**42 U.S.C § 2000e-2(a)**
**Against All Defendants**

25.  All preceding paragraphs are incorporated by reference as if fully set forth herein.

26.  Plaintiff is in a protected class as she in a minor female.

27.  Defendants discriminated against Plaintiff in the following ways:

a.  Plaintiff was sexually harassed by Garner, a registered sex offender.

13

b.   Garner would make inappropriate comments to Plaintiff.

    i.   Garner came to the window while Plaintiff was alone and said, "you must love me so much. You must want me back here that's why you keep messing up."

    ii.   Plaintiff told Garner she was getting a headache and he said, "aww baby, do you want me to kiss it and make it better?"

    iii.   Garner brought Plaintiff a large lemonade and she said, "that's a large. I'm not going to finish that" and Garner said, "know what else is large?" in reference to his alleged penis size.

    iv.   Garner said, "the next thing you're going to be saying is that I gave it to you too hard."

    v.   Garner said, "I get a lot of oh my God and Jesus Christs all the time," regarding his alleged sexual prowess.

    vi.   In reference to a male coworker bringing Plaintiff receipt paper, Garner said "oh so you're having him tend to you now? How did you get him to come so fast?" and he asked again, "how did you get him to *come* so fast?," emphasizing the word "come."

    vii.   Plaintiff told a coworker that she was cold, and when she walked away, Garner said, "you're so hot."

c.   Garner made sexual advances towards Plaintiff.

    i.   Garner said, "I thought you were like L (another minor employee). If you're down, so am I," in reference to a sexual relationship.

d.   Garner showed Plaintiff child pornography.

28. To Plaintiff's knowledge and concern, Rice Enterprises, specifically multiple supervisory/management personnel, were aware of Garner's sexual proclivities, discrimination, and harassment towards minor girls.

    a. To Plaintiff's knowledge and concern, Garner was harassing other minor girls.

    b. To Plaintiff's knowledge and concern, the other minors reported the harassment they were receiving from Garner.

    c. To Plaintiff's knowledge and concern, no investigation was performed.

    d. To Plaintiff's knowledge and concern, there is also video surveillance at the restaurant that would show Garner harassing minor girls.

    e. To Plaintiff's knowledge and concern, no steps were taken to stop the harassment, discrimination, or hostile work environment.

    f. Garner remained in a position of power free to harass minor employees.

29. McDonald's Corporate were aware of or should have been aware of Garner's sexual proclivities, discrimination, and harassment towards minor girls as the Joint Employer/Principal/Master/Franchiser of Rice Enterprises.

    a. To Plaintiff's knowledge and concern, McDonald's Corporate was aware of unchecked discrimination, harassment, and sexual harassment at its franchise restaurants nationwide due to many complaints filed, some of which were filed by minor employees.

        i. This put McDonald's Corporate on notice that discrimination, harassment, and/or sexual harassment was occurring at its franchise restaurants and was being perpetrated against minors.

15

ii.  This put McDonald's Corporate on notice that it needed to have stringent discrimination, harassment, and sexual harassment policies in place at its franchise restaurants.

iii.  This put McDonald's Corporate on notice that it needed to have discrimination, harassment, and sexual harassment training and reporting procedures in place at its franchise restaurants.

iv.  This put McDonald's Corporate on notice that it needed to have stringent hiring policies and procedures in place at its franchise restaurants.

v.  This put McDonald's Corporate on notice that it needed to have background check policies in place at its franchise restaurants.

b.  McDonald's Corporate has significant control over its franchisees including Rice Enterprises, regarding its sexual harassment policies, hiring policies, etc. *See supra.*

i.  Had McDonald's Corporate implemented and enforced discrimination, harassment, and/or sexual harassment policies, procedures, and training at its franchise locations, Plaintiff would not have been injured.

ii.  Had McDonald's Corporate implemented and enforced stringent hiring policies and procedures at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

iii.  Had McDonald's Corporate implemented and enforced background checks during the hiring process at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

16

30.     N.V. was able to find Garner's profile on the Megan's Law website within five minutes of searching for it.

31.     Had Rice Enterprises run a simple background check or had McDonald's Corporate had a policy in place requiring franchisees to run a background check, it would have been discovered that Garner was a registered sex offender and should have never been permitted to work with or supervise minor individuals or manage what is historically considered to be a "family restaurant."

32.     Defendants should have especially stringent hiring procedures since they have historically hired minor individuals as young as fourteen years old and it is classified as a "family restaurant."

      a.   Defendants' locations have a specific "Play Place" to attract families and their children.

      b.   Defendants' business model goes out of its way to hire minors, advertises this fact, and actively promotes this in media articles.

      c.   Defendants promote a philosophy of mentoring young individuals.

            i.   The Owner of Rice Enterprises is quoted as saying, "My favorite part is mentoring young men and women and giving them opportunities to advance and reach their goals." https://triblive.com/lifestyles/food-drink/family-affair-mcdonalds-more-than-a-fast-food-chain-for-mother-and-daughter/

      d.   Defendants should've performed screening and/or a background check on Garner before hiring him into a supervisory position.

      e.   Defendants' conduct was reckless.

      f.   Defendants acted with an intentional disregard of the rights and safety of its minor employees, which resulted in harm to Plaintiff.

33.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages including:

      a.   Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

      b.   Economic damages based on earning capacity, both past and future;

      c.   Attorney fees and costs; and

      d.   Other damages to be determined.

34.     Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendants, which directly and proximately caused Plaintiff's injuries, Plaintiff asserts a claim for punitive damages.

## COUNT II
### Sexual Harassment/Hostile Work Environment
### 42 U.S.C § 2000e-2(a)
### Against All Defendants

35.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

36.     Plaintiff is in a protected class as she in a minor female.

37.     Defendants discriminated against Plaintiff in the following ways:

      a.   Plaintiff was sexually harassed by Garner, an adult sex offender.

      b.   Garner would make inappropriate comments to Plaintiff.

         i.   Garner came to the window while Plaintiff was alone and said, "you must love me so much. You must want me back here that's why you keep messing up."

18

    ii.  Plaintiff told Garner she was getting a headache and he said, "aww baby, do you want me to kiss it and make it better?"

    iii.  Garner brought Plaintiff a large lemonade and she said, "that's a large. I'm not going to finish that" and Garner said, "know what else is large?" in reference to his alleged penis size.

    iv.  Garner said, "the next thing you're going to be saying is that I gave it to you too hard."

    v.  Garner said, "I get a lot of oh my God and Jesus Christs all the time," regarding his alleged sexual prowess.

    vi.  In reference to a male coworker bringing Plaintiff receipt paper, Garner said "oh so you're having him tend to you now? How did you get him to come so fast?" and he asked again, "how did you get him to *come* so fast?," emphasizing the word "come."

    vii.  Plaintiff told a coworker that she was cold, and when she walked away, Garner said, "you're so hot."

  c.  Garner made sexual advances towards Plaintiff.

    i.  Garner said, "I thought you were like L (another minor employee). If you're down, so am I," in reference to a sexual relationship.

  d.  Garner showed Plaintiff child pornography.

38.    To Plaintiff's knowledge and concern, Rice Enterprises, specifically multiple supervisory/management personnel, were aware of Garner's sexual proclivities, discrimination, and harassment towards minor girls.

  a.  To Plaintiff's knowledge and concern, Garner was harassing other minor girls.

    b.   To Plaintiff's knowledge and concern, the other minors reported the harassment they were receiving from Garner.

    c.   To Plaintiff's knowledge and concern, no investigation was performed.

    d.   To Plaintiff's knowledge and concern, there is also video surveillance at the restaurant that would show Garner harassing minor girls.

    e.   To Plaintiff's knowledge and concern, no steps were taken to stop the harassment, discrimination, or hostile work environment.

    f.   Garner remained in a position of power free to harass minor employees.

39.    To Plaintiff's knowledge and concern, McDonald's Corporate were aware of or should have been aware of Garner's sexual proclivities, discrimination, and harassment towards minor girls as the Joint Employer/Principal/Master/Franchiser of Rice Enterprises.

    a.   To Plaintiff's knowledge and concern, McDonald's Corporate was aware of unchecked discrimination, harassment, and sexual harassment at its franchise restaurants nationwide due to many complaints filed, some of which were filed by minor employees.

        i.   This put McDonald's Corporate on notice that discrimination, harassment, and/or sexual harassment was occurring at its franchise restaurants and was being perpetrated against minors.

       ii.   This put McDonald's Corporate on notice that it needed to have stringent discrimination, harassment, and sexual harassment policies in place at its franchise restaurants.

iii. This put McDonald's Corporate on notice that it needed to have discrimination, harassment, and sexual harassment training and reporting procedures in place at its franchise restaurants.

iv. This put McDonald's Corporate on notice that it needed to have stringent hiring policies and procedures in place at its franchise restaurants.

v. This put McDonald's Corporate on notice that it needed to have background check policies in place at its franchise restaurants.

b. McDonald's Corporate has significant control over its franchisees including Rice Enterprises, regarding its sexual harassment policies, hiring policies, etc. *See supra.*

i. Had McDonald's Corporate implemented and enforced discrimination, harassment, and/or sexual harassment policies, procedures, and training at its franchise locations, Plaintiff would not have been injured.

ii. Had McDonald's Corporate implemented and enforced stringent hiring policies and procedures at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

iii. Had McDonald's Corporate implemented and enforced background checks during the hiring process at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

40.     N.V. was able to find Garner's profile on the Megan's Law website within five minutes of searching for it.

41.     Had Rice Enterprises run a simple background check or had McDonald's Corporate had a policy in place requiring franchisees to run a background check, it would have been discovered that Garner was a registered sex offender and should have never been permitted to work with or supervise minor individuals or manage what is historically considered to be a "family restaurant."

42.     Defendants should have especially stringent hiring procedures since they have historically hired minor individuals as young as fourteen years old and it is classified as a "family restaurant."

   a.   Defendants' locations have a specific "Play Place" in order to attract families and their children.

   b.   Defendants' business model goes out of its way to hire minors, advertises this fact, and actively promotes this in media articles.

   c.   Defendants promote a philosophy of mentoring young individuals.

      i.   The Owner of Rice Enterprises is quoted as saying, "My favorite part is mentoring young men and women and giving them opportunities to advance and reach their goals." https://triblive.com/lifestyles/food-drink/family-affair-mcdonalds-more-than-a-fast-food-chain-for-mother-and-daughter/

   d.   Defendants should've performed screening and/or a background check on Garner before hiring him into a supervisory position.

   e.   Defendants' conduct was reckless.

   f.   Defendants acted with an intentional disregard of the rights and safety of its minor employees, which resulted in harm to Plaintiff.

43.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages including:

    a.  Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

    b.  Economic damages based on earning capacity, both past and future;

    c.  Attorney fees and costs; and

    d.  Other damages to be determined.

44.     Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendants, which directly and proximately caused Plaintiff's injuries, Plaintiff asserts a claim for punitive damages.

**COUNT III**
**Negligence**
**Against All Defendants**

45.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

46.     Rice Enterprises, as the Employer, owed a duty of care to Plaintiff, as the Employee, to protect Plaintiff and provide a safe working environment free of discrimination and harassment.

47.     McDonald's Corporate, as the Joint Employer/Principal/Master/Franchiser, owed a duty of care to Plaintiff to protect her and provide a safe working environment free of discrimination and harassment.

48.     Rice Enterprises breached their duty of care in the following ways:

    a.  Failing to provide Plaintiff a safe and harassment free workplace;

b.  Failing to comply with all federal, state, and local laws regarding discrimination, hostile work environment, sexual harassment, and/or harassment in the workplace;

c.  Failing to adequately train Plaintiff on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

d.  Failing to adequately train management on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

e.  Failing to adequately perform screening and/or background checks on employees, specifically Garner, prior to hiring, where such screening and/or background checks would have revealed that Garner was listed as a Lifetime Offender on the Megan's Law registry;

   i.   Rice Enterprises' conduct was reckless and outrageous.

   ii.  A free search on Megan's Law would've prevented this horrendous incident from occurring.

f.  Failing to have stringent hiring practices in place;

g.  Failing to adequately supervise Garner, thereby ensuring that he had unrestricted access to minor victims;

h.  Continuing to employ Garner and allowing him to supervise and have unrestricted access to minor victims when Rice Enterprises had information of his prior sexual harassment of employees and/or of his prior criminal acts;

i.   Failing to properly address Plaintiff's complaints of discrimination, harassment and abuse;

j.   Failing to properly address other employees' complaints of discrimination, harassment and abuse;

    i.   To Plaintiff's knowledge and concern, Rice Enterprises knew of Garner's behavior and intentionally chose to keep him in a position of power.

    ii.   Rice Enterprises' conduct was reckless.

    iii.   Rice Enterprises acted with an intentional disregard of Garner's deviate behavior, which resulted in harm to Plaintiff.

    iv.   Rice Enterprises acted with an intentional disregard of the rights and safety of its minor employees, which resulted in harm to Plaintiff.

k.   Failing to publish and distribute policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof;

l.   Failing to implement and enforce policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof;

m.   Failing to take proper, appropriate and/or necessary measures to ensure its minor employees were safe; and

n.   Other acts or omissions yet to be discovered.

49.   McDonald's Corporate breached their duty of care in the following ways:

a.  Failing to adequately supervise its franchise restaurants, specifically Rice Enterprise.

b.  Failing to supervise and/or ensure Rice Enterprises provided a safe and harassment free workplace;

c.  Failing to supervise and/or ensure Rice Enterprises complied with all federal, state, and local laws discrimination, hostile work environment, sexual harassment, and/or harassment in the workplace;

d.  Failing to supervise and/or ensure Rice Enterprises adequately trained employees such as Plaintiff on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

e.  Failing to supervise and/or ensure Rice Enterprises adequately trained management on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

f.  Failing to supervise and/or ensure Rice Enterprises performed screening and/or background checks on employees, specifically Garner, prior to hiring, where such screening and/or background checks would have revealed that Garner was listed as a Lifetime Offender on the Megan's Law registry;

   i.   McDonald's Corporate's conduct was reckless and outrageous.

   ii.  A free search on Megan's Law would've prevented this horrendous incident from occurring.

g.  Failing to have stringent hiring practices in place for Rice Enterprises to follow;

h.   Failing to supervise and/or ensure Rice Enterprises implemented stringent hiring practices;

i.   Failing to supervise and/or ensure Rice Enterprises properly addressed Plaintiff's complaints of discrimination, harassment and abuse;

j.   Failing to supervise and/or ensure Rice Enterprises properly addressed other employees' complaints of discrimination, harassment and abuse;

k.   Failing to supervise and/or ensure proper policies and procedures regarding discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof were in place at Rice Enterprises;

l.   Failing to supervise and/or ensure proper policies regarding discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof were being implemented by Rice Enterprises;

m.   Failing to publish and distribute policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof to Rice Enterprises; and

n.   Failing to implement and enforce policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof for Rice Enterprises to follow; and

o.   Failing to take proper, appropriate and/or necessary measures to ensure safeguards where in place to protect minor employees at Rice Enterprises.

   i.   McDonald's Corporate acted with an intentional disregard of the rights and safety of its minor employees, which resulted in harm to Plaintiff.

50.     To Plaintiff's knowledge and concern, Rice Enterprises, specifically multiple supervisory/management personnel, were aware of Garner's sexual proclivities, discrimination, and harassment towards minor girls.

    a.   To Plaintiff's knowledge and concern, Garner was harassing other minor girls.

    b.   To Plaintiff's knowledge and concern, the other minors reported the harassment they were receiving from Garner.

    c.   To Plaintiff's knowledge and concern, no investigation was performed.

    d.   To Plaintiff's knowledge and concern, there is also video surveillance at the restaurant that would show Garner harassing minor girls.

    e.   To Plaintiff's knowledge and concern, no steps were taken to stop the harassment, discrimination, or hostile work environment.

    f.   Garner remained in a position of power free to harass minor employees.

51.     To Plaintiff's knowledge and concern, McDonald's Corporate were aware of or should have been aware of Garner's sexual proclivities, discrimination, and harassment towards minor girls as a Joint Employer/Principal/Master/Franchiser of Rice Enterprises.

    a.   To Plaintiff's knowledge and concern, McDonald's Corporate was aware of unchecked discrimination, harassment, and sexual harassment at its franchise restaurants nationwide due to many complaints filed, some of which were filed by minor employees.

        i.   This put McDonald's Corporate on notice that discrimination, harassment, and/or sexual harassment was occurring at its franchise restaurants and was being perpetrated against minors.

    ii.  This put McDonald's Corporate on notice that it needed to have stringent discrimination, harassment, and sexual harassment policies in place at its franchise restaurants.

    iii.  This put McDonald's Corporate on notice that it needed to have discrimination, harassment, and sexual harassment training and reporting procedures in place at its franchise restaurants.

    iv.  This put McDonald's Corporate on notice that it needed to have stringent hiring policies and procedures in place at its franchise restaurants.

    v.  This put McDonald's Corporate on notice that it needed to have background check policies in place at its franchise restaurants.

b.  McDonald's Corporate has significant control over its franchisees including Rice Enterprises, regarding its sexual harassment policies, hiring policies, etc. *See supra.*

    i.  Had McDonald's Corporate implemented and enforced discrimination, harassment, and/or sexual harassment policies, procedures, and training at its franchise locations, Plaintiff would not have been injured.

    ii.  Had McDonald's Corporate implemented and enforced stringent hiring policies and procedures at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

    iii.  Had McDonald's Corporate implemented and enforced background checks during the hiring process at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

52.     N.V. was able to find Garner's profile on the Megan's Law website within five minutes of searching for it.

53.     Had Rice Enterprises run a simple background check or had McDonald's Corporate had a policy in place requiring franchisees to run a background check, it would have been discovered that Garner was a registered sex offender and should have never been permitted to work with or supervise minor individuals or manage what is historically considered to be a "family restaurant."

54.     Defendants should have especially stringent hiring procedures since they have historically hired minor individuals as young as fourteen years old and it is classified as a "family restaurant."

     a.  Defendants' locations have a specific "Play Place" in order to attract families and their children.

     b.  Defendants' business model goes out of its way to hire minors, advertises this fact, and actively promotes this in media articles.

     c.  Defendants promote a philosophy of mentoring young individuals.

          i.  The Owner of Rice Enterprises is quoted as saying, "My favorite part is mentoring young men and women and giving them opportunities to advance and reach their goals." https://triblive.com/lifestyles/food-drink/family-affair-mcdonalds-more-than-a-fast-food-chain-for-mother-and-daughter/

     d.  It is reasonably foreseeable that registered sex offenders who have committed prior sexual acts against minors would seek jobs at places of employment that employ minors.

e.  Defendants should've performed screening and/or a background check on Garner before hiring him into a supervisory position.

f.  Defendants' conduct was reckless.

g.  Defendants acted with an intentional disregard of the rights and safety of its minor employees, which resulted in harm to Plaintiff.

55.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages including:

a.  Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

b.  Economic damages based on earning capacity, both past and future;

c.  Attorney fees and costs; and

d.  Other damages to be determined.

56.     Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendants, which directly and proximately caused Plaintiff's injuries, Plaintiff asserts a claim for punitive damages.

**COUNT IV**
**Negligent Supervision, Hiring, And Retention**
**Against all Defendants**

57.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

58.     Rice Enterprises failed to exercise ordinary care to prevent Plaintiff from being harmed.

a.  Rice Enterprises negligently hired Garner, a registered sex offender, to manage and supervise minor employees, including Plaintiff.

    i.  Rice Enterprises knew or should have known through the exercise of reasonable care that Garner was a registered sex offender.

    ii.  Rice Enterprises failed to perform a background check and/or screening of Garner prior to hiring him.

        1.  Rice Enterprises' conduct was reckless and outrageous.

        2.  A free search on Megan's Law would've revealed Garner's deviate sexual history.

    iii.  Rice Enterprises failed to have stringent hiring procedures in place.

        1.  Rice Enterprises specifically hires minors.

        2.  Rice Enterprises has a heightened sense of duty to protect its minor employees.

b.  Rice Enterprises negligently supervised and retained Garner.

    i.  Rice Enterprises failed to adequately supervise Garner, thereby ensuring that he had unrestricted access to minor victims.

    ii.  Rice Enterprises continued to employ Garner and allowed him to supervise and have unrestricted access to minor victims when it had information of his prior sexual harassment of employees and/or of his prior criminal acts.

    iii.  Rice Enterprises failed to properly address Plaintiff's complaints of discrimination, harassment, and abuse.

    iv.  Rice Enterprises failed to properly address other employees' complaints of discrimination, harassment, and abuse.

1. To Plaintiff's knowledge and concern, Rice Enterprises knew of Garner's behavior and intentionally chose to keep him in a position of power.

2. Rice Enterprises' conduct was reckless.

3. Rice Enterprises acted with an intentional disregard of Garner's deviate behavior, which resulted in harm to Plaintiff.

4. Rice Enterprises acted with an intentional disregard of the rights and safety of its minor employees, which resulted in harm to Plaintiff.

c. Rice Enterprises not only negligently supervised Garner, but negligently supervised the implementation and enforcement of policies, procedures, and training for its staff regarding discrimination, harassment, sexual harassment, and a hostile work environment.

   i. Rice Enterprises failed to comply with all federal, state, and local laws regarding discrimination, hostile work environment, sexual harassment, and/or harassment in the workplace.

   ii. Rice Enterprises failed to adequately train Plaintiff on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment.

   iii. Rice Enterprises failed to train management on how to identify, address, and report incidents of discrimination, hostile work environment,

harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment.

iv. Rice Enterprises failed to publish and distribute policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof.

v. Rice Enterprises failed to implement and enforce policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof.

vi. Rice Enterprises failed to take proper, appropriate and/or necessary measures to ensure its minor employees were safe.

59. McDonald's Corporate failed to exercise ordinary care to prevent Plaintiff from being harmed.

a. McDonald's Corporate negligently supervised its franchisee, Rice Enterprises in the following ways:

i. Failing to supervise and/or ensure Rice Enterprises provided a safe and harassment free workplace;

ii. Failing to supervise and/or ensure Rice Enterprises complied with all federal, state, and local laws discrimination, hostile work environment, sexual harassment, and/or harassment in the workplace;

iii. Failing to supervise and/or ensure Rice Enterprises adequately trained employees such as Plaintiff on how to identify, address, and report incidents of discrimination, hostile work environment, harassment,

sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

iv. Failing to supervise and/or ensure Rice Enterprises adequately trained management on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

v. Failing to supervise and/or ensure Rice Enterprises performed screening and/or background checks on employees, specifically Garner, prior to hiring, where such screening and/or background checks would have revealed that Garner was listed as a Lifetime Offender on the Megan's Law registry;

  1. McDonald's Corporate's conduct was reckless and outrageous.

  2. A free search on Megan's Law would've prevented this horrendous incident from occurring.

vi. Failing to have stringent hiring practices in place for Rice Enterprises to follow;

  1. Failing to supervise and/or ensure Rice Enterprises implemented stringent hiring practices;

vii. Failing to supervise and/or ensure Rice Enterprises properly addressed Plaintiff's complaints of discrimination, harassment and abuse;

viii.  Failing to supervise and/or ensure Rice Enterprises properly addressed other employees' complaints of discrimination, harassment and abuse;

ix.  Failing to supervise and/or ensure proper policies and procedures regarding discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof were in place at Rice Enterprises;

x.  Failing to supervise and/or ensure proper policies regarding discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof were being implemented by Rice Enterprises;

xi.  Failing to publish and distribute policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof to Rice Enterprises; and

xii.  Failing to implement and enforce policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof for Rice Enterprises to follow; and

xiii.  Failing to take proper, appropriate and/or necessary measures to ensure safeguards where in place to protect minor employees at Rice Enterprises.

1.  McDonald's Corporate acted with an intentional disregard of the rights and safety of its minor employees, which resulted in harm to Plaintiff.

b.  McDonald's Corporate, by and through its negligent supervision of Rice Enterprises, allowed Rice Enterprises to negligently hire and retain Garner, a registered sex offender, to manage and supervise minor employees.

    i.  To Plaintiff's knowledge and concern, McDonald's Corporate was aware of unchecked discrimination, harassment, and sexual harassment at its franchise restaurants nationwide due to many complaints filed, some of which were filed by minor employees.

        1.  This put McDonald's Corporate on notice that discrimination, harassment, and/or sexual harassment was occurring at its franchise restaurants and was being perpetrated against minors.

        2.  This put McDonald's Corporate on notice that it needed to have stringent discrimination, harassment, and sexual harassment policies in place at its franchise restaurants.

        3.  This put McDonald's Corporate on notice that it needed to have discrimination, harassment, and sexual harassment training and reporting procedures in place at its franchise restaurants.

        4.  This put McDonald's Corporate on notice that it needed to have stringent hiring policies and procedures in place at its franchise restaurants.

        5.  This put McDonald's Corporate on notice that it needed to have background check policies in place at its franchise restaurants.

ii. McDonald's Corporate has significant control over its franchisees including Rice Enterprises, regarding its sexual harassment policies, hiring policies, etc. *See supra.*

    1. Had McDonald's Corporate implemented and enforced discrimination, harassment, and/or sexual harassment policies, procedures, and training at its franchise locations, Plaintiff would not have been injured.

    2. Had McDonald's Corporate implemented and enforced stringent hiring policies and procedures at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

    3. Had McDonald's Corporate implemented and enforced background checks during the hiring process at its franchise locations, Garner would not have been hired, and Plaintiff would not have been injured.

iii. McDonald's Corporate knew or should have known through the exercise of reasonable care that Garner was a registered sex offender.

iv. To Plaintiff's knowledge and belief, McDonald's Corporate exercises control over the hiring of employees at franchise locations by requiring all applicants to apply on McDonald's Corporate website.

    1. To Plaintiff's knowledge and belief, McDonald's Corporate is aware of the fact that minor employees work at its various locations.

       v.   McDonald's Corporate failed to supervise and/or ensure Rice Enterprises performed screening and/or background checks on employees, specifically Garner, prior to hiring, where such screening and/or background checks would have revealed that Garner was listed as a Lifetime Offender on the Megan's Law registry.

          1.  McDonald's Corporate's conduct was reckless and outrageous.

          2.  A free search on Megan's Law would've prevented this horrendous incident from occurring.

          3.  McDonald's Corporate specifically hires minors.

          4.  McDonald's Corporate have a heightened sense of duty to protect its minor employees.

      vi.  McDonald's Corporate failed to have stringent hiring practices in place for Rice Enterprises to follow.

     vii.  McDonald's Corporate failed to supervise and/or ensure Rice Enterprises implemented stringent hiring practices.

60.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages including:

    a.  Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

    b.  Economic damages based on earning capacity, both past and future;

    c.  Attorney fees and costs; and

    d.  Other damages to be determined.

61.     Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendants, which directly and proximately caused Plaintiff's injuries, Plaintiff asserts a claim for punitive damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendants, and award all damages available at law and in equity and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

*Christi Wallace*

**Christi Wallace**
PA ID: 313721
**MKO Employment Law**
429 4th Avenue, Suite 300
Pittsburgh, PA 15219
Direct: (412) 301-2702
Fax: (412) 223-4613
c@mkolaw.com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

**Christi Wallace**
PA ID: 313721
**MKO Employment Law LLC**
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
Direct: (412) 301-2702
Fax: (412) 223-4613
c@mkolaw.com